## ROBERT F. GODFREY *vs.* GEORGE C. THOMPSON.

Sussex County, October Term, 1894.

**Justice of the Peace.  Certiorari.**—The record must show that the Justice heard the proofs and allegations, although both parties appeared.

This was a *certiorari* to George T. Dodd, a Justice of the Peace, in an action of trespass for "taking and carrying away a horse." There had been a trial by referees and it appeared from the record that on the day of hearing all the parties were present; the witnesses all sworn and the referees after hearing the proofs and allegations adjourned to Monday next for further proofs the 30th day of March.

The next entry was:

"And now the day of adjournment the referees do report in writing, that they find Robert F. Godfrey is justly due George C. Thompson one hundred dollars." Signed by the referees and judgment entered by the Justice against Robert F. Godfrey and in favor of George C. Thompson.

*Cullen* and *Boyce* for the plaintiff (defendant below) filed a number of exceptions to the record of the Justice, the following being relied upon :

"That the record does not show that the referees heard the proofs and allegations of the parties plaintiff and defendant, respectively, and their witnesses."

"That the record shows that the referees adjourned the case to March 30th for further proofs, and the record does not show that they did on that day, or any subsequent time, hear further proofs of the parties; but did on said 30th day of March render their report without hearing the proofs and allegations of the parties."

"That the record does not show that the parties, plaintiff and defendant were present on said 30th day of March ; and that having adjourned to said 30th day of March for further proofs, it was error to have made any report without hearing said further proofs."

As supporting the second objection the following authorities were cited ; *Ruth vs. Lunney,* 2 Harring. 145 ; *Boston vs. Tennant,* 2 Harring. 245.

*White,* for the defendant (plaintiff below.)

GRUBB, J., delivered the opinion of the Court.

The record shows that the allegations and proofs were heard at the first hearing, and then that the referees of their own motion (it not being shown on the record that it was upon the application of either the plaintiff or defendant) adjourned the hearing to another day for further proofs ; and on the day to which they adjourned, they decided the case and rendered their report, upon which the Justice rendered judgment, without either the plaintiff or defendant being before him, and without showing that said report was rendered after hearing the allegations and proofs.

Now in the opinion of a majority of the Court, when the record affirmatively shows that the only hearing at which they stated that they had the allegations and proofs before them and adjourned to hear further proofs, it would import that there was not sufficient proof before them on the day that they adjourned upon which to decide the case. In rendering their report on the day to which they adjourned, they did not say that they rendered it after hearing allegations and proofs of any kind. Therefore we must infer that they rendered their judgment without having sufficient proof before them, as they have shown by their own record, and hence we think that the judgment ought to be reversed.

We decide this upon the ground that the record itself shows that they did not have sufficient evidence, and they cannot render judgment when their own record shows that fact, and at the time they rendered their report they don't say (as I understand) that they did it after having heard the proofs and allegations. The record shows that at the first hearing only proofs and allegations were heard, as the statute requires ; but it does not show that such was the case on the second hearing.

Of course our ruling proceeds upon the principle announced in *Hoffecker vs. Eaton,* 2 Houst. 157, that the fact that either the° Justice or the Referees heard proofs and allegations must affirmatively appear upon the Justice's record, and that it must appear that sufficient evidence or proof was produced before the Referees, or rather it must not appear that sufficient evidence was not produced. It all must be produced; sufficient must be produced, and if it appears by the record that sufficient evidence was not produced, we must be governed by the evidence furnished by the record itself upon that point.

*The judgment was reversed.*

LORE, C. J., dissenting. The judicial power of Justices of the Peace is constitutional, and is designed to furnish to suitors a local court of easy access for the speedy and inexpensive determination of causes, according to their real merits.

The proceedings before Justices may be reversed in the Superior Court, either on *certiorari* or on appeal. By the one the record is tried; by the other the case is heard upon its merits.

The functions of this court in *certiorari* cases is clearly defined in a note to an early case—*Cullen vs. Lowry,* 2 Harring. 293 : " On a *certiorari* the court may reverse *for want of jurisdiction,* for not proceeding in the *manner the law directs,* and perhaps for *admitting and deciding on illegal evidence* alone, if this appears :

Our courts have therefore reversed the Justice in *certiorari* in three cases

(1) Where the record does not show affirmatively jurisdiction of the parties and the cause of action.

(2) Where the record does not contain " the names of the parties, cause of action, the sum demanded, the day of issuing process and when it is returnable, the return, and in cases of a forthwith summons the day of return, every adjournment and the day to which the same shall be, any set off pleaded and the amount thereof, the names of the Referees, if any be appointed, the sum of their

report and for which party, the costs regularly taxed, entries of bail, of surety and the issuing of any execution and the date thereof."

This is under the mandatory terms of Sec. 18, Chap. 99, Code of 1893. This is also the case in judgments *by default* where the record does not show that the plaintiff's *proofs and allegations* were heard. This under the statute which provides: "If the defendant, being duly summoned, does not appear at the appointed time in the writ of summons, or at any time to which the case is regularly adjourned, the Justice may adjourn the case again, or he may hear the proofs and allegations of the plaintiff in the defendant's absence and give judgment by default, the return of service being first verified;" Rev. Code, § 5 ch. 99; *Boston vs. Tennant,* 2 Harring. 345.

(3) Where the record affirmatively shows that the Justice has proceeded illegally or manifestly contrary to law.

A careful analysis of the decisions of our courts in *certiorari* cases shows that they all fall within these three classes. The case under consideration is not within any of these classes. From the record it appears manifestly:

(1) That the parties were both present and that the cause of action was within the Justice's jurisdiction.

(2) The positive requirements of Rev. Code, § 18, ch. 99, seem to have been met. This was not a judgment by default requiring setting out of the proofs and allegations under Rev. Code, §5, ch. 99.

(3) The record does not affirmatively show that the Justice proceeded illegally.

The record shows that both parties were present; that " the witnesses all sworn, and the Referees hearing the proofs and allegations," after which they adjourned to Monday next for further proof, viz., the 30th day of March, but it does not show that on the 30th day of March the referees heard further proof. We are asked to presume that they did not hear further proof or that they

had not sufficient proof before them upon which to render judgment.

We are asked so to presume because the record does not affirmatively set it forth.

The general rule both on principle and authority is that judicial officers, in the absence of proof to the contrary, are presumed to have done their duty. The record shows that the referees rendered their award, and the presumption of the law is that they did so on sufficient proofs.

The case of *Hoffecker vs. Eaton,* in my judgment, does not sustain the contention of the majority of the court, because it there affirmatively appears from the record that evidence was not heard, which brings it within the third class of cases above mentioned.

I regard this as a serious matter. If the line of mere technical objection is extended and judgments of Justices of the Peace are reversed thereon it adds additional and unnecessary burdens to proceedings before Justices of the Peace. The purpose of the constitution in providing local courts for the speedy and inexpensive trial of causes upon their real merits will be defeated by such a course. Indeed it will make it difficult if not impossible for a Justice of the Peace to make up his record in any case, so that an astute lawyer would not be able to find technical objection. And thus cases would be liable to be determined upon purely technical grounds and not upon their merits, besides adding largely to the costs and delay in determining cases cognizable before Justices of the Peace.